UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

EVELYN HENDRICKS                                              CIVIL ACTION NO. 22-cv-189

VERSUS                                                        JUDGE TERRY A. DOUGHTY

CAMPING WORLD RV SALES, LLC                                   MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Evelyn Hendricks ("Plaintiff") filed this suit in state court against Camping World RV Sales, LLC based on allegations that she was a passenger in an RV when a television fell and struck her in the head while she was seated in the passenger seat. Plaintiff alleged that she suffered a closed head injury, concussion, bruising and musculoskeletal injuries to her head and neck, and that her damages include past and future medical expenses, disability, past and future lost wages, and loss of earning capacity. Plaintiff also alleged that the value of her cause of action exceeded $50,000, which was the amount required to warrant a jury trial under state law.

Camping World removed the case based on an assertion of diversity jurisdiction, which puts the burden on Camping World to allege facts that demonstrate complete diversity of citizenship and an amount in controversy in excess of $75,000. The notice of removal, as well as the state court petition, alleges that Plaintiff is domiciled in Louisiana, which makes her a citizen of Louisiana. As for the amount in controversy, Camping World points to the above allegations, and they appear to be adequate to meet its burden.

The only apparent issue regards Camping World's own citizenship. The LLC submits the declaration of its general counsel regarding its rather complicated citizenship. Despite the detail in the declaration, more information is needed if Camping World is to meet its burden.

The citizenship of an LLC is determined by the citizenship of all of its members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009); Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018).

Camping World's declaration states that the LLC "is wholly owned by" another LLC, which is in turn "wholly owned by" another LLC, and so on through several levels. The declaration is perhaps intended to suggest that the entity that wholly owns another is the sole member of that LLC, but that is not clear. There are other means, such as intervening entities, by which one company may "wholly own" another without being an actual member. Ascentium Cap., LLC v. Digital Sign Sols., LLC, 2021 WL 864771 (W.D. La. 2021). Accordingly, Camping World must allege with specificity the number and identity of the member(s) of Camping World RV Sales, LLC. If a member is an LLC or

other unincorporated association, Camping World must make similar allegations through the various layers until citizenship is established. Similar revision of the allegations is needed in each place where it is alleged that one company is wholly owned by another.

Paragraph 11 of the declaration asserts that CWGS Enterprises, LLC is "owned by" (1) three other LLCs, (2) Camping World Holdings, Inc., and (3) "certain individuals, none of which are residents of the state of Louisiana." This paragraph will need to be clarified to state, if it is the case, that these owners are actually members, as discussed above. More important, the general reference to "certain individuals" is not sufficient. The court requires specificity regarding all layers of ownership, even when there may be hundreds or thousands of them and their identities are difficult to determine. Moran v. Gulf South Pipeline Co., LP, 2007 WL 276196 (W.D. La. 2007) (collecting cases that required specificity of limited partners despite there being thousands of them or their interests being miniscule); Masion v. Liberty Mut. Ins. Co., 2006 WL 1675378 (W.D. La. 2006) (requiring specificity even though partnership shares were publicly traded and identities of owners changed often based on trades). See also Mullins, 300 Fed. Appx. at 260 (party's stated belief that none of the entities had members and partners in Texas "falls manifestly short of distinctly and affirmatively alleging [a partnership's] citizenship"). Additionally, it is domicile rather than mere residency that decides citizenship for diversity purposes, and "an allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" Midcap Media Finance, LLC v. Pathway Data, Inc., 929 F.3d 310, 313 (5th Cir. 2019), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888, 889 (5th Cir. 1984). The individual members of the LLC will have to be identified, and their citizenship at the time

the state court petition was filed and at the time of removal must be alleged. Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996) (diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court).

Paragraph 11(b) the declaration addresses CVRV Acquisition, LLC. It is said to be wholly owned by Crestview Partners II GP, LP. Crestview is said to be a limited partnership, and "none of the limited partners are citizens of the State of Louisiana." That is not sufficient. When a partnership is at issue, the court must consider the citizenship of each partner, whether limited or general. Whalen v. Carter, 954 F.2d 1087, 1095 (5th Cir. 1994); Newport Limited v. Sears, Roebuck and Co., 941 F.2d 302 (5th Cir. 1991); see Mullins v. Testamerica, Inc., 300 Fed. Appx. 259 (5th Cir. 2008) (court refused to consider the merits of an appeal until the record distinctly and affirmatively alleged the citizenship of a limited partnership). And, as discussed above, the partners must be named, and their citizenship must be alleged in accordance with the applicable rules.

Camping World will be allowed until **February 18, 2022** to file an **amended notice of removal** and attempt to remedy the deficiencies discussed above. The court will review the record after that date and determine whether Camping World has met its burden or whether remand may be required. If Camping World determines that the ownership is too complex to gather and present, which is sometimes the case with entities of this nature, it should notify the court in writing, and the case will be remanded promptly.

Requiring such detailed information may seem like an imposition, but the court has an obligation to examine the basis of its subject-matter jurisdiction even if no party contests it. The parties also have an interest in determining early on whether the court has

jurisdiction, so as to avoid wasting time and resources in an improper court. The Fifth Circuit also examines such issues on its own, and parties that have won before the district court have seen cases dismissed or remanded when they did not ensure that their district court pleadings included specific information about the citizenship of each party. See, e.g., Howery v. Allstate Ins. Co., 243 F.3d 912 (5th Cir. 2001); Mullins v. TestAmerica, Inc., 300 Fed. Appx.259 (5th Cir. 2008); and Bank of America, N.A. v. Fulcrum Enterprises, LLC, 642 Fed. Appx. 334 (5th Cir. 2016). This court has also seen a number of cases where diversity was asserted based on general claims that all members or partners in an entity were diverse, but jurisdiction evaporated when the court pressed for specificity and non-diverse members were identified. Accordingly, Camping World must amend its notice of removal to comply with the rules set forth above.

    THUS DONE AND SIGNED in Shreveport, Louisiana, this 25th day of January, 2022.

Mark L. Hornsby
U.S. Magistrate Judge